

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 1:14cr230 (AJT) |
| | ) | |
| MUNA OSMAN JAMA, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## GOVERNMENT'S MOTION TO SEAL PURSUANT TO LOCAL RULE 49(B)

The United States, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an order to seal the indictment, the arrest warrants, this motion, and the Court's order until the first arrest of one of the defendants.

I.   REASONS FOR SEALING (Local Rule 49(B)(1))

A grand jury in this District returned today an indictment charging Muna Osman Jama, Hinda Osman Dhirane, Fardowsa Jama Mohamed, Farhia Hassan, and Barira Hassan Abdullahi with providing, and conspiring to provide, material support to al-Shabaab, a designated terrorist organization, in violation of 18 U.S.C. § 2339B. While Jama and Dhirane are in the United States, the other three defendants are in foreign countries. The government plans to ask the Netherland and Kenya to arrest and extradite the defendants who are located there. This can only occur after obtaining those countries' approval of provisional arrest requests that we must make through the Department of Justice Office of International Affairs. Premature disclosure of the fact of the indictment would obviously undermine our ability to apprehend the defendants

and could also jeopardize the continuing investigation. Accordingly, we request that the indictment remain sealed until the arrest of the first of the defendants.

II.     REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

The Court has the inherent power to seal indictments. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

III.    PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

The indictment would need to remain sealed until the first arrest of one of the defendants. At that time, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such, unless the United States obtains a further sealing order.

The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

For the foregoing reason, the United States respectfully requests that the indictment, the arrest warrants, and this motion to seal and proposed order be sealed until the first arrest of one of the defendants – with the exception that the indictment and arrest warrants are unsealed for the limited purpose of disseminating the indictment and/or arrest warrants to United States, foreign, or intergovernmental authorities, at the discretion of the United States, in connection with efforts to prosecute the defendants or to secure the defendants' arrest, extradition or expulsion, or as otherwise required for purposes of national security.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
James R. Gillis
Assistant United States Attorney